UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
JOHN A. WILLIAMS,  :
             Petitioner,  :
              : **MEMORANDUM OPINION**
v.  : **AND ORDER**
 :
WILLIAM A. LEE,  : 14 CV 2981 (VB)
             Respondent.  :
--------------------------------------------------------------x

Briccetti, J.:

    Before the Court is Magistrate Judge Judith C. McCarthy's Report and Recommendation ("R&R") on petitioner John A. Williams's petition for a writ of habeas corpus under 28 U.S.C. § 2254, challenging his September 11, 2009, conviction in Orange County Court for criminal possession of a weapon in the second and third degrees and menacing in the second degree. (Doc. #18). Judge McCarthy recommended that the Court deny the petition in its entirety. Familiarity with the factual and procedural background of this case is presumed.

    For the following reasons, the Court adopts the R&R as the opinion of the Court and denies the petition.

    A district court reviewing a magistrate judge's report and recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Parties may raise objections to the report and recommendation, but the objections must be "specific[,] written," and submitted within 14 days after being served with a copy of the recommended disposition. Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1).

    Insofar as a report and recommendation deals with a dispositive motion, a district court must conduct a de novo review of those portions of the report or specified proposed findings or recommendations to which timely objections are made. 28 U.S.C. § 636(b)(1)(C). The district court may adopt those portions of a report and recommendation to which no timely objections

1

have been made, provided no clear error is apparent from the face of the record. Lewis v. Zon, 573 F. Supp. 2d 804, 811 (S.D.N.Y. 2008); Nelson v. Smith, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985). The clearly erroneous standard also applies when a party makes only conclusory or general objections, or simply reiterates his original arguments. Ortiz v. Barkley, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008). Because petitioner is proceeding pro se, the Court "will 'read [his] supporting papers liberally, and . . . interpret them to raise the strongest arguments that they suggest.'" Id. (quoting Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994)).

Under the Antiterrorism and Effective Death Penalty Act, when a state court denies a federal claim on the merits, a habeas petitioner is entitled to relief on that claim only if he can show the state court either (i) made a decision contrary to, or unreasonably applied, clearly established federal law as determined by the Supreme Court, or (ii) unreasonably determined the facts in light of the evidence presented in the state court proceeding. 28 U.S.C. § 2254(d)(1)-(2). When a state court denies a federal claim on a procedural ground that is "firmly established and regularly followed" in that state, a federal court may not even review the claim unless the petitioner shows either cause and prejudice for the failure to comply with state procedural rules, or that he is actually innocent. Clark v. Perez, 510 F.3d 382, 391-93 (2d Cir. 2008).

Petitioner did not object to Judge McCarthy's R&R.

The Court has reviewed Judge McCarthy's thorough and well-reasoned R&R and finds no error, clear or otherwise.

## CONCLUSION

The R&R is adopted as the opinion of the Court. The petition for a writ of habeas corpus is DENIED.

The Clerk is instructed to enter judgment accordingly and close this case.

As petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. See 28 U.S.C. § 2253(c)(2); Love v. McCray, 413 F.3d 192, 195 (2d Cir. 2005).

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal. See Coppedge v United States, 369 U.S. 438, 444-45 (1962).

The Clerk is instructed to mail a copy of this Memorandum Opinion and Order to petitioner at the address on the docket.

Dated: October 17, 2017
      White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge